Parker C. J.
delivered the opinion of the Court. Statutes which impose restrictions upon trade or common occupations, or which levy an excise or tax upon them, must be construed strictly.
The transaction for which the tax is claimed in this suit, upon the bond, is not a sale of real or personal estate. The title to the estate was not to be affected by the sale or any proceedings under it. All that was offered to be sold and was sold, was an engagement or contract of the bank to lease the estate for five years. It was only, in fact, to ascertain the amount of rent under the form of a sale. The object of the legislature undoubtedly was, to lay the tax on the transfer of property. Such are the words and such is the spirit of the act; and such the condition of the bond. And this construction is fortified by the manner in which the tax is to be estimated, to nil, upon the value of the estate sold, whether real or personal. One per cent upon the capital raised by the sale of an estate, is a very different thing from one per cent upon the annual profit or rent. It seems certain, that if it had been intended to embrace within the terms sales of real and personal estate, ships or vessels, any thing short of a transfer of the property, a different provision would have been made for estimating the amount of the tax.
If an existing lease were sold by auction, the tax might be due within the terms of the act and the condition of the bond ; for in that case, estate, real or personal, would be sold. But here there is nothing sold by auction ; the estate not existing which it was the object of the sale to fix a price for. This may be thought a close construction of the statute, but we are to suppose the legislature intended nothing beyond what their language, in fair legal construction, will indicate. If the terms of their enactment have not embraced their object, the power is with them, by explanatory or additional acts, to extend them.[1]

Judgment for defendants.

 The statute respecting auction sales is now extended so as to embrace the above case. Revised Slat. c. 9, § 6,7.